(No. 34348.—

MICHAEL PLIAKOS, Appellant, vs. ILLINOIS LIQUOR CON-
TROL COMMISSION et al., Appellees.

Opinion filed May 23, 1957.

HALFPENNY & HAHN, of Chicago, (RICHARD F. HAHN,
JAMES F. FLANAGAN, and E. S. D. BUTTERFIELD, of coun-
sel,) for appellant.

LATHAM CASTLE, Attorney General, of Springfield,
(WILLIAM C. WINES, RAYMOND S. SARNOW, and A. ZOLA
GROVES, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of
the court:

On January 17, 1956, the Illinois Liquor Control Commission (hereinafter referred to as the State Commission) defendant-appellee herein, in an original proceeding by them initiated, revoked and thereafter seized the retailer's liquor license theretofore issued to and held by the plaintiff-appellant. He thereupon filed a complaint in the circuit court of Cook County under the Administrative Review Act in which he prayed that the order of the State Commission be stayed until the final disposition of his complaint; that it be ordered to return the liquor license to him and that the final order revoking his license be reversed. Defendants appeared by the Attorney General and moved the court to dismiss the complaint upon the ground that certain amendments to the Liquor Control Act of Illinois, passed by the legislature in 1955, invested the State Commission with original jurisdiction to institute proceedings before itself on its own initiative for the revocation of a retailer's liquor license. Upon a hearing this motion was overruled and an order was entered by the circuit court reversing the order of revocation theretofore entered by the State Commission. On appeal to the Appellate Court the order of the circuit court was reversed. (12 Ill. App.2d 170.) The case is here on leave to appeal granted by the Appellate Court pursuant to the provisions of section 75(2)(a) of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 75(2)(a),) which court certified that this cause involves questions of law of such importance as requires our passing upon them.

The determination of this suit depends upon the interpretation to be given certain parts of sections 108, 109 and 150 as amended in 1955 of the Illinois Liquor Control Act. Ill. Rev. Stat. 1955, chap. 43, pars. 108, 109 and 150.

Section 108 was amended by giving the State Commission, upon its own determination, the power to suspend or revoke a retail liquor license, upon notice and after hearing, for the reason that the licensee has violated any provision

of the Illinois Liquor Control Act or any rule or regulation issued pursuant thereto and in effect for 30 days prior to such violation.

Section 109 was amended to provide that the issuance of a retail liquor license by the State Commission, as authorized by the act, should not prejudice the State Commission's action in subsequently suspending or revoking such license (stating again as in section 108 as amended) if it is determined by the State Commission, upon notice and after hearing, that the licensee has violated any provision of the act or any rule or regulation issued pursuant thereto and in effect for 30 days prior to such violation.

In section 150 as amended it was provided that all proceedings for the revocation or suspension of a retailer's liquor license before the State Commission shall be in accordance with the rules and regulations established by it not inconsistent with law and it was further provided that no such license should be revoked or suspended except after a hearing by the State Commission upon at least 10 days notice to the licensee specifying the time and place of the hearing and the nature of the charges.

Despite these amendments, plaintiff contends here, as he did in the Appellate Court, that the State Commission has no original jurisdiction to revoke a retail liquor license and that its power to revoke is limited to cases reaching it only by appeal from orders of a local commission. On the other hand, defendants contend that by reason of the amendments of 1955 the State Commission has original as well as appellate jurisdiction to revoke such a license upon due notice and after a proper hearing.

In support of his contention plaintiff relies heavily on the case of *Retail Liquor Dealers' Protective Ass'n* v. *Fleck,* 408 Ill. 219, which we decided before the enactment of the amendments in 1955. In that case we held that it was not the intention of the legislature to give the State Commission both original and appellate jurisdiction to pass upon

the qualifications of the same applicant for a local license.

That case dealt with the power of the State Commission with respect to the *issuance* of retail liquor licenses while the instant case deals with the power of the State Commission to *revoke* such licenses, particularly in view of the 1955 amendments. Keeping that distinction in mind we are unable to perceive how the *Fleck case* (408 Ill. 219) can lend any support to plaintiff's contention.

In its opinion the Appellate Court points out that even prior to the enactment of the amendments the act gave the State Commission the power to revoke retail liquor licenses and that the effect of the amendments was to confirm that power in the State Commission. When consideration is given to the language contained in the amendments there can be no doubt whatever but that the legislature intended to make clear that the State Commission now has original as well as appellate jurisdiction to revoke retail liquor licenses, even if it is assumed it had no such power before the enactment of the amendments.

Lending support to this conclusion is the very nature and essence of the amendments. It is obvious that provisions for notice to the licensee, specification of the charges and the right to be heard in defense thereof are consonant with the theory of "due process" in an original proceeding. Such provisions are hardly necessary in the disposition of a cause reaching the State Commission on appeal where it may be assumed notice, specification of charges, jurisdiction of the subject matter and the person, and the right to be heard have already been observed in the hearing from which an appeal has been taken.

It is well established that in the construction of statutes, the courts start with the assumption that the legislature intended to enact an effective law, and the legislature is not to be presumed to have done a vain thing in the enactment of a statute. Hence, it is a general principle, embodied in the maxim, *"ut res magis valeat quam pereat,"* that the

courts should, if reasonably possible to do so without violence to the spirit and language of an act, so interpret the statute, or the provision being construed, as to give it efficient operation and effect as a whole. An interpretation should, if possible, be avoided, under which the statute or provision being construed is defeated, or as otherwise expressed, nullified, destroyed, emasculated, repealed, explained away, or rendered insignificant, meaningless, inoperative, or nugatory. 50 Am. Jur. Statutes, sec, 357.

Under the above rule of construction we must give effect to the language of the amendments and are not at liberty to ignore them. Our conclusion is that by reason of the foregoing amendments the State Commission has original jurisdiction to revoke retail liquor licenses within the limitations imposed by the amendments, and it matters not that it also has appellate jurisdiction over the same subject matter. The conclusion reached by the Appellate Court coincides with our views. The judgment of the Appellate Court will, therefore, be affirmed.

*Judgment affirmed.*