(No. 36452.—

CHARLIE D. WITHERS *et al.,* Appellants, *vs.* THE CITY OF GRANITE CITY *et al.,* Appellees.

*Opinion filed September 22, 1961.*

Morris B. Chapman, of Granite City, for appellants.

William Beatty, and Lueders & Robertson, both of Granite City, (Randall Robertson, of counsel,) for appellees.

Mr. Justice Hershey delivered the opinion of the court:

The plaintiffs instituted a declaratory judgment action in the circuit court of Madison County seeking to have an ordinance of the city of Granite City declared void. The city and the Granite Office Building Corporation were named as defendants. The ordinance in question granted to the building corporation the authority, for a period of 50 years, to install, operate, maintain, replace and repair a four-inch steam pipeline, two 10-inch chilled waterlines, a message-carrier pipeline and certain electrical conduits, together with the right to install and maintain the necessary valves, traps, manholes and other appurtenances for the purpose of transmission of steam, water, messages and electrical current in, under, over and across and along certain designated streets within the city of Granite City.

The city streets to which the ordinance was applicable ran along a route from the Granite City Steel Company to the site of a proposed new office building and bank quarters. The building corporation is a wholly owned subsidiary of the steel company and the building corporation would own and erect the office building; although, at the time of this proceeding, title to the property on which the office building would be located was not in the defendant Granite Office Building Corporation.

Plaintiffs are the owners of certain property abutting on a street along the proposed route, and sue as such, as

well as citizens and taxpayers of the municipality. It is the contention of the plaintiff that the ordinance of the municipality purporting to grant the stated authority to the building corporation was *ultra vires*. A contention that the ordinance violates section 22 of article IV of the constitution, prohibiting the grant of special powers to any corporation, was not further argued in the briefs and is, therefore, deemed to have been waived. *People ex rel. Montgomery* v. *Lierman,* 415 Ill. 32.

The parties to this proceeding each filed motions for summary judgment, together with affidavits and counter-affidavits in support thereof. The defendants' motion for summary judgment was granted and the plaintiffs appealed to this court, the trial court having certified that the validity of a municipal ordinance is involved and that the public interest requires any appeal to be to this court.

The streets here involved were created by statutory plat. The fee title in the streets, therefore, was in the defendant city which held the same in trust for use of the local and general public. The facts in this case are to be distinguished from cases involving the common-law dedication of streets or alleys wherein the abutting owner retains the fee, subject, however, to the rights of the general public. The public or the municipality acquires an easement over the streets, the abutting owner retaining the fee. However, even in cases where the municipality has only an easement in the street, the easement includes the right to use the land beneath the surface if such use is necessary to implement the easement. *Horn* v. *City of Chicago,* 403 Ill. 549.

While there are valid legal distinctions to be made in cases where the municipality has a fee as contrasted to only an easement, it was held in *People ex rel. Mather* v. *Marshall Field & Co.* 266 Ill. 609, 623, "* * * that in any event, whether the fee title was in the city or the abutting property owner, the street under the surface of the ground could only be used in such a manner as would safeguard

the paramount right of the public to the full and unobstructed use of the street for the purpose for which it was dedicated; that the city would not be estopped by any action of its own from requiring the space occupied beneath the street to be surrendered to the city whenever it became necessary for the uses of the public. (*Ryerson* v. *City of Chicago,* 247 Ill. 185; *Tacoma Safety Deposit Co.* v. *City of Chicago,* id. 192; *Sears* v. *City of Chicago,* id. 204; *Illinois Trust and Savings Bank* v. *City of Chicago,* id. 264.)"

The use of subsurface space by private persons, either for underground conduits or for vaults, basements or tunnels, has been a fruitful source of litigation. The rule has not been either that such use is absolutely prohibited; nor is it permitted as a matter of right. Rather, the rule throughout the cases in this State is that the public right is paramount; the municipality cannot permit a use that infringes on that right. *Peoples Gas Light and Coke Co.* v. *City of Chicago,* 413 Ill. 457. See also 10 I.L.P., sec. 1293, p. 250.

The ordinance here under attack contained the recited grant to the Granite Office Building Corporation and, as above indicated, the grant of authority was for the use of the city streets for the running of the water, electric and steam lines in, under, over, across and along the streets. The record in this case demonstrates, however, that the only use made of the streets was to use the subsurface of the streets for the things set forth in the ordinance. The evidence further indicates that in the process of installing these various conduits under the streets the defendant Granite Office Building Corporation resurfaced and repaired the streets along the route and removed certain tracks, the removal of which was beneficial to the city. The resurfacing and the removal of the tracks, however, were not recited as necessary consideration required of the Office Building Corporation.

In addition to the grant of authority as stated, the ordinance contained some additional requirements to the effect that subsequent maintenance of the conduits and pipes would be in such a manner that maintenance would not impair travel on any of the streets nor materially interfere with public utility lines making a like use of the streets; that reconstruction as might be required to conform to any change in grade or to prevent interference with drainage or sanitation lines would be done at the expense of the defendant Granite Office Building Corporation, and that any relocation that might be necessary would be done at the expense of that defendant. In addition, the defendant agreed to hold the city harmless from all damages and, finally, the ordinance provided that the rights granted to the defendant Granite Office Building Corporation would remain subject and subordinate to the paramount rights of the public both present and future.

In the case of *Sears* v. *City of Chicago,* 247 Ill. 204, 216, we stated that the test of what can be permitted by any municipality upon or under its streets is measured by whether or not the encroachment is unreasonable and against the public interest. We there said: "The power of the municipality in this regard in cases where it owns the fee in its streets is subject to no limitation except that its exercise shall be reasonable and in a manner to safeguard the paramount rights of the public to the free and unobstructed use of the street   *   *   *."

When the ordinance here involved is measured by that test and given the reasonable construction that the parties themselves have placed upon the ordinance, it seems apparent that the defendant City of Granite City through its own legislative processes has determined that the proposed use of the subsurface of the streets by the Granite Office Building Corporation would not unreasonably interfere with the public use of the streets, would not create an obstruction of the streets in any way, measured by the present

use thereof, and that the proposed user could not be such as would subsequently divest the public of any interest in the streets; and having so determined, enacted the ordinance permitting the use of the subsurface of the street and, in the process and incidentally, acquired for the city the resurfacing of the streets at least to some extent. The ordinance in this case meets the test that the cases heretofore decided have imposed as a measure to determine whether or not the use or the obstructions or encroachments are unreasonable and against the public interest. The trial court, in granting the defendants' motion for summary judgment, found the use as herein outlined was a permissible use and within the power of the municipality; and the judgment of that court is affirmed.

*Judgment affirmed.*