(No. 39437.—

BERWYN LUMBER COMPANY *et al.,* Appellees, *vs.* MARSHALL KORSHAK, Director of Revenue, *et al.,* Appellants.

*Opinion filed March 24, 1966.*

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL, A. ZOLA GROVES, CALVIN CAMPBELL, and JOHN O'TOOLE, Assistant Attorneys General, of counsel,) for appellants.

TURNER, HUNT AND WOOLLEY, CHRISTIANSON AND SCARRY, and KATHRYN M. KULA, all of Chicago, (FREDERICK W. TURNER, JR., MURRAY B. WOOLLEY, and J. R. CHRISTIANSON, of counsel,) for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

The Berwyn Lumber Company and others filed suit in the circuit court of Cook County to enjoin the collection of certain retailers' occupation taxes. From a decree granting the injunction the Director of Revenue and the other defendants appeal directly to this court, the revenue being involved.

The lumber company sells building materials to contractors. The materials involved here are used by contractors in doing construction work for the Chicago Housing Authority and other organizations exempt under the act. Section 4 of the Department's Rule 15 purports to exclude such sales in computing the tax, where the material is to be incorporated into real estate of the charity or other exempt body. But the lumber purchased here is not so converted into real estate. It is used in building forms and frames for pouring concrete, and for other temporary purposes in the work of construction. Receipts from the sales to the contractors were accordingly included by the Department in the plaintiffs' gross receipts subject to tax. In appealing to this

court the Department points out that the sales were made not to exempt organizations but to contractors, and by its decision in *Lyon & Sons Lumber and Mfg. Co.* v. *Department of Revenue,* 23 Ill.2d 180, this court specifically held that sales of materials to contractors are subject to the tax.

The Retailers' Occupation Tax Act imposes a tax measured by the gross receipts from retail sales of tangible personal property, "excluding, however, from said gross receipts, the proceeds of such sales to any governmental body or any agency or instrumentality thereof, or to any corporation, society, association, foundation, or institution organized and operated exclusively for charitable, religious or educational purposes." (Ill. Rev. Stat. 1963, chap. 120, par. 441.) The clause quoted above is relied upon by the lumber companies in contending that the present sales should be excluded.

They say first that the materials were used or consumed by the exempt organizations acting through the contractors as their agents. There is no basis in the record for this. No facts whatever are pointed out to show the existence of an agency relationship, nor does the complaint allege any. The bare conclusion is not enough. Moreover the stipulation of facts entered into by the parties recites that the lumber dealers sell to the construction contractors who use the materials in performing their construction contracts with the exempt organizations. It is obvious that these companies do not purchase their material as agents of their customers but as independent contractors.

It is also suggested that the court must look to the general purpose of the exemption in protecting governmental units and charities from the burden of the tax. It is argued that unless these sales are freed of the tax the burden would shift not only from seller to contractor-buyer but from the latter, in turn, to his customer, presumably in the form of higher prices. The conclusion is then urged that since the burden would ultimately fall upon governmental

units and charities intended to be protected therefrom, the sales to the contractors should not be included in the lumber companies gross receipts subject to tax.

We cannot accept the argument. The statutory exclusion is defined with reference to the identity of the *purchaser,* not that of someone else farther down the line of economic intercourse with whom he in turn might deal, and its extent is expressed in plain and unambiguous language. The exclusion is limited in explicit terms to the proceeds of sales *"to* any governmental body * * *." It is beyond dispute that the sales in question here are not sales to exempt organizations but sales to independent contractors.

If the intention of the General Assembly was to make the exclusion depend upon more remote economic effects it has not said so, and courts are not at liberty to enlarge the scope of plain provisions in order to more effectively accomplish the general purpose. The legislative intent must be sought primarily from the language used in the statute and where the intent can be ascertained therefrom it should prevail without resort to other aids for construction. (*Weiss Memorial Hospital* v. *Kroncke,* 12 Ill.2d 98.) The scope of the present provision is free from doubt and in construing it there is no occasion to look to the legislative purpose, whatever may be the rule in determining its validity. (*Cf. People ex rel. Holland Coal Co.* v. *Isaacs,* 22 Ill.2d 477.) In the present case the only legitimate function of the courts is to declare and enforce the statute as enacted.

We hold that the exclusion is not applicable to the proceeds of the sales in question, and that the circuit court erred in granting the injunction. Since it is admitted that the materials are not incorporated into real estate there is no need to consider either the application or the validity of the distinction sought to be made by the Department's Rule 15.

The decree will be reversed.

*Decree reversed.*