(No. 39663.—

SAMMY BERK *et al.,* Appellants, *vs.* THE COUNTY OF WILL *et al.,* Appellees.

*Opinion filed June 16, 1966.*

PAUL E. HAMER, of Northbrook, for appellants.

GEORGE E. SANGMEISTER, State's Attorney, PAUL F. BRUMUND, Corporation Counsel, HARRY D. LEINENWER, City Attorney, RONALD C. TRACY, and ROBSON, MASTERS, RYAN, BRUMUND & BELOM, all of Joliet, and A. EDMUND PETERSON and J. LEONARD HIGLEY, both of Chicago, (FRANK H. MASTERS, JR., of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellant, Sammy Berk, as a taxpayer on behalf of himself and other taxpayers of Will County, filed a complaint in the circuit court of Will County challenging the constitutionality of the Public Building Commission Act insofar as it applied to the construction of the Will County courthouse, county jail, and city hall for the city of Joliet. The complaint was dismissed on motion, and appellant appeals directly to this court. The only constitutional question raised by appellant in this court is that he was denied a jury trial in violation of section 5 of article II of the Illinois constitution which provides that "the right of trial by jury as heretofore enjoyed, shall remain inviolate". He asserts

that this presents a substantial constitutional question which furnishes a basis for this direct appeal.

The rule stated in earlier cases by this court is that before this court will take jurisdiction in direct appeal on the ground that a constitutional question is involved, it must appear from the record that a fairly debatable constitutional question was urged in the trial court, and ruling thereon must be preserved in the record for review and error assigned upon it. (*Saxmann* v. *Allen,* 410 Ill. 31.) More recently, under the new judicial article and our rules adopted to implement the judicial article, we have said that a "substantial constitutional question" must be involved. *First National Bank & Trust Co.* v. *City of Evanston,* 30 Ill.2d 479.

In the instant case, appellant filed a complaint for declaratory judgment for a declaration that the Public Building Commission Act (Ill. Rev. Stat. 1963, chap. 34, pars. 3301 *et seq.*) was void and unconstitutional, and that the court retain jurisdiction to enter any and all orders, writs and judgments necessary to enforce its judgment. Plaintiff filed a demand for jury trial. Defendants, County of Will, the Will County Board of Supervisors, City of Joliet, and the Will County Building Commission, filed a motion to dismiss, supported by affidavit, under section 48 of the Illinois Civil Practice Act. This motion was allowed and the complaint dismissed.

Subsection 3 of section 48 (Ill. Rev. Stat. 1963, chap. 110, par. 48(3)) provides that the court may hear the case upon such motion and affidavit and determine it, either granting or denying the same. Further, if a material and genuine disputed question of fact is raised, the court may decide the motion or may deny it without prejudice. This section makes it mandatory, however, that the court shall deny the motion, without prejudice, if it is an action at law and a jury demand has been filed by the opposite party in apt time. We do not understand this statute to make the

mere filing of a jury demand determinative of the right to jury trial, as this section is procedural only and does not of itself create the substantive right of jury trial.

The determination of whether an action is an action at law and one in which there is the constitutional right of jury trial can only be resolved by an examination of the proceedings. Declaratory judgment procedure in Illinois first was authorized in 1945 when the legislature added section 57.1 to the Illinois Practice Act, (Ill. Rev. Stat. 1965, chap. 110, par. 57.1). Subsection (4) of the Declaratory Judgment Act provides that "If a proceeding under this section involves the determination of issues of fact triable by a jury, they shall be tried and determined in the same manner as issues of fact are tried and determined in other civil actions * * *." This procedure is strictly remedial and does not create new rights or duties, but affords a new, additional and cumulative procedure. This remedy has been adopted by virtually all States. Such proceedings are neither legal nor equitable actions, but have characteristics of both types of actions. While it is the practice in many courts to docket such cases as law cases and in other courts as equity cases, such practices are administrative only. This does not determine the matter of the right to jury trial, nor does the mere fact that there is an issue of fact create a right to jury trial.

As we held in determining this question in *Lazarus v. Village of Northbrook*, 31 Ill.2d 146, the Illinois constitution guarantees "the right to trial by jury as it existed in common law actions when the constitution was adopted. There was then and there is now no constitutional right of trial by jury in equity. * * * When a declaration alone is sought, and no further relief is requested, the right to a trial by jury must be determined by an examination of the disputed issues and an appraisal of their predominant characteristics as indicating the appropriateness of legal or equitable relief. But when, as is ordinarily the case, relief in ad-

dition to the naked declaration of rights is sought, the nature of that relief determines the right to a trial by jury."

The issues presented in this case and the relief prayed are not of such a nature as would entitle a party to jury trial under the common law at the time of adoption of our constitution. The trial court correctly held that there was no right to trial by jury in this case, and no constitutional right of plaintiff was violated by such denial of jury trial or the dismissal of the complaint upon motion. See *Kaye* v. *Kremer,* 20 Ill.2d 148.

The question of whether there was a right to jury trial in this case was neither a debatable nor a substantial constitutional question. Hence, there was no right of direct appeal to this court on the basis of a constitutional question being involved.

It is evident, however, that this is a case of extraordinary importance where immediate decision is necessary, as it involves facilities for housing local government of a populous city and county of this State. Under the rules of this court in such a case, had the appeal been filed in the appellate court, this court could have ordered that appeal be taken directly to this court and proceed as though the case had been appealed directly. (Ill. Rev. Stat. 1965, chap. 110, par. 101.28—1 E; *Electrical Contractors Association of City of Chicago, Inc.* v. *Illinois Building Authority,* 33 Ill.2d 587.) No good reason appears for transfer of this case to the appellate court, and the importance of immediate decision within the meaning of the rule requires our direct decision.

The facts of the case disclosed by the pleadings are: The Will County Board of Supervisors by resolution formed the Will County Public Building Commission in 1958. Thereafter, the county conveyed a tract of ground to the commission, entered into a lease with the commission, and levied a tax to pay the annual rental. The commission approved the issuance of revenue bonds. Thereafter, the city of Joliet

conveyed certain property to the building commission, entered into a lease with it, and levied a tax to pay such rental. Taxes were extended by the county clerk and bonds sold for such purposes. The commission took bids, entered into contracts for the construction of the jail and city hall facilities, and caused all improvements located on the site to be demolished and removed. Similar steps had been taken for the construction of the county courthouse and jail.

Plaintiff, Sammy Berk, during a portion of this period was a member of the Board of Supervisors which held meetings as to such improvements, and presently is clerk of the Will County division of the circuit court. As a taxpayer, on behalf of himself and others similarly situated, plaintiff's complaint alleged that the Public Building Commission Act is invalid and unconstitutional, and stated some 41 grounds of its invalidity. These attacks principally object to the general nature and vagueness of the provisions of the act and its failure to be complete.

Similar attacks likewise have been made and fully disposed of in earlier cases previously passed upon by this court. In *People ex rel. Adamowski* v. *Public Building Commission of Chicago,* 11 Ill.2d 125, where a detailed and comprehensive attack was made on the constitutionality of the act, after a careful analysis of the points assailing its validity, this court affirmed the trial court in finding it constitutional. In *Bowman* v. *County of Lake,* 29 Ill.2d 268, and *Bowman* v. *Lake County Public Building Com.* 31 Ill.2d 575, after protracted litigation over the construction of the Lake County courthouse and a further careful review of detailed objections to the constitutionality of the act, we again held it to be constitutional.

It is well established that a decision sustaining the constitutionality of a statute does not preclude the court under the doctrine of *stare decisis,* or any other doctrine, from subsequently declaring it unconstitutional where it is attacked upon other established grounds. (*Grasse* v. *Dealer's*

*Transport Co.* 412 Ill. 179; *Parks* v. *Libby-Owens-Ford Glass Co.,* 360 Ill. 130.) No justifiable conclusion can be reached in this case, however, by passing at length on the separate grounds upon which plaintiff seeks to attack the constitutionality of the act. While an examination of the complaint discloses that many of these grounds are neither specific nor complete, many of them are almost the exact objections urged in the *Adamowski* case and held by this court there to be without merit.

Appellant contends that two issues raised in this complaint were not and could not have been passed on in the *Adamowski* or *Bowman* cases, since the act had been amended in these respects subsequent to those cases. These issues are: (1) the validity of the interim financing provisions permitting a mortgage on public property to raise building funds prior to the issuance and sale of bonds; and (2) the reverter provisions in the deed of conveyance. As a third issue, he raises the argument that the Public Building Commission is a "mere shadow" of the county board, which issue he asserts was not squarely passed on, although presented, in *Adamowski.*

In no manner does appellant show that the three issues which he contends are present in this case and which were not present in the prior decisions of this court, render the act unconstitutional. Appellant has not presented, argued, or cited these grounds in this court nor furnished any authorities on them as making the act unconstitutional. He, therefore, has waived these constitutional questions. Supreme Court Rule 39(1) provides, "A point made but not argued may be considered waived." (*Shell Oil Co.* v. *Industrial Com.* 2 Ill.2d 590; *People ex rel. Carter* v. *Touchette,* 5 Ill.2d 303; *City of Lawrenceville* v. *Maxwell,* 6 Ill.2d 42.) In *Bowman* v. *County of Lake,* 29 Ill.2d 268, where certain theories were alleged in the complaint, we deemed them waived since they were not pursued in this court by argument and citation of authority. There is, of course, good

reason for this rule since unless the appellant specified his objections, argues them, and cites authorities in their support, opposing counsel cannot answer them, nor can this court properly determine the case.

Since the Public Building Commission Act has several times been carefully reviewed by this court on numerous challenged grounds which appear to encompass the allegations of the complaint in the instant case, and because appellant has failed to present to this court any such specific grounds on this appeal, we must affirm the action of the trial court, as there is no error in its rulings on the grounds here asserted.

*Judgment affirmed.*