MING KOW HAH, M.D., Plaintiff-Appellant and Cross-Appellee, *v.* RONALD STACKLER, Director of the Department of Registration and Education, *et al.*, Defendants-Appellees and Cross-Appellants.

First District (5th Division)  No. 77-536

Opinion filed November 3, 1978.—Supplemental opinion filed on denial of rehearing December 29, 1978.

948

Charles Barnhill, Jr., of Davis, Miner & Barnhill, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Karen Konieczny, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff filed a complaint under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 264 *et seq.*) for administrative review of defendants' final order that his Illinois medical license be revoked. The circuit court affirmed that order. On appeal, plaintiff contends that this judgment was erroneous and should be reversed.

The following undisputed facts are pertinent to the disposition of this appeal.

On June 4, 1976, the Illinois Department of Registration and Education (Department) filed a complaint with the Medical Disciplinary Board charging that pursuant to section 16(11) of the Medical Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 16a(11)) plaintiff's Illinois Physician and Surgeon license, No. 36-47323, should be suspended or revoked. The statute cited provides in part that:

> "The Department may revoke, suspend, place on probationary status, or take any other disciplinary action as the Department may deem proper with regard to the license, certificate or state hospital permit of any person issued under this Act or under any other Act in this State to practice medicine * * * upon any of the following grounds:
>
> * * *
>
> 11. Revocation or suspension of a medical license in a sister state."

Plaintiff filed an answer and, on September 1, 1976, a hearing was held on the matter by the State of Illinois Medical Disciplinary Board. On September 15, the Board found, *inter alia*, that plaintiff was a registered physician and surgeon in Illinois, having been issued certificate of registration No. 36-47323; that plaintiff had also been a licensed physician and surgeon in Michigan, and had held Michigan Medical license No. 31531 and 1975 Registration Certificate No. 113498; that on November 18, 1975, following a hearing regarding the revocation of plaintiff's Michigan medical license, certain findings of fact and conclusions of law, were filed with the Michigan Medical Practice Board; that on December 3, 1975, Frederick W. VanDuyne, M.D., President of the State of Michigan Department of Licensing and Regulation Medical Practice Board, issued a final order that plaintiff's medical license and registration certificate be revoked and surrendered; and that said revocation by Michigan, a sister State, constituted grounds for the revocation of plaintiff's Illinois license under section 16(11) of the Medical Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 16a(11)). Based on the foregoing, and the conclusion that it was in the best interest of the citizens of the State of Illinois, the Medical Disciplinary Board recommended to the Director of the Department of Registration and Education that plaintiff's Illinois medical license be revoked. On November 29, 1976, the Director issued an order which adopted the Board's findings and recommendation, denied plaintiff's motion for rehearing, and ordered that his license was thereby revoked. On December 9, 1976, plaintiff filed his complaint for administrative review in the circuit court. Following a hearing, on February 4, 1977, the

circuit court ordered that the decision of the Director be affirmed, but that said decision be stayed pending the outcome of an appeal. This appeal followed.

OPINION

■■ ■ Plaintiff contends that the order of the circuit court should be reversed. He initially points out that section 16 of the Medical Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 16a) contains several grounds upon which a medical license can be revoked other than a revocation in a sister State. He therefore argues that "[t]he only reading of the statute that makes sense" in this type of case is that an Illinois license can be revoked only when the sister State's revocation was for conduct which would also constitute grounds for revocation in Illinois. We disagree. Plaintiff has conceded that he can cite no case in support of his suggested standard, but argues that we should adopt it as a matter of statutory interpretation. We note, however, that the language used in the statute is the primary source for determining legislative intent, and when that language is clear and unambiguous, the proper function of the court is to enforce the statute as enacted. (*People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180; *General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 338 N.E.2d 561.) Section 16 of the Medical Practice Act clearly states that the Department may revoke a license for any of a number of separate and independent grounds including number 11, which is the "[r]evocation or suspension of a medical license in a sister state." (Ill. Rev. Stat. 1975, ch. 91, par. 16a(11).) This statement by the legislature of a possible ground for revocation is clear and unambiguous, and to enlarge upon its meaning or terms as plaintiff suggests would be improper judicial legislation. (See *Berwyn Lumber Co. v. Korshak* (1966), 34 Ill. 2d 320, 215 N.E.2d 240; *In re Estate of Buehnemann* (1975), 25 Ill. App. 3d 1003, 324 N.E.2d 97.) Moreover, our conclusion is supported by our supreme court's opinion in *Bruni v. Department of Registration and Education* (1974), 59 Ill. 2d 6, 319 N.E.2d 37, *cert. denied* (1975), 421 U.S. 914, 43 L. Ed. 2d 780, 95 S. Ct. 1573. In that case, plaintiff's license was revoked pursuant to section 16(2) of the Medical Practice Act (Ill. Rev. Stat. 1965, ch. 91, par. 16a(2)), which provided for revocation upon "[c]onviction of a felony." Plaintiff had been convicted of counterfeiting charges which were felonies under the United States Code, but not under Illinois law. The supreme court nevertheless affirmed the revocation of plaintiff's license, finding that the use of the word "felony" in the Illinois statute included conviction of a crime classified as a felony under Federal, but not Illinois law. In the instant case, the statute speaks simply of a revocation in a sister State, and does not require that the conduct involved there constitute substantive grounds for revocation under Illinois law.

Based on the above, we conclude that following the revocation of plaintiff's license in Michigan, the Department was authorized, under section 16(11) of the Medical Practice Act, to revoke plaintiff's Illinois medical license.

■■ In his reply brief plaintiff has, for the first time in these proceedings, raised the contention that section 16(11) of the Medical Practice Act is unconstitutional because it improperly delegates authority over Illinois licenses to other States, and because it denies equal protection of the laws to Illinois doctors with out-of-State licenses. We note, however, that Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7)) clearly states that points not argued in the appellant's original brief "are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Plaintiff's attempted constitutional attacks upon the statute will accordingly not be considered on this appeal.

Plaintiff next contends that the hearing conducted in Michigan which resulted in the revocation of his license there, denied him his right to due process of law and therefore should not be relied upon to support a revocation in Illinois. He cites as unfair the fact that, unlike the practice in Illinois, the revocation hearing in Michigan was not held before the full medical board, and that a majority of the hearing panel's members were not doctors. Further, he especially emphasizes that the sole expert medical testimony regarding his conduct in Michigan was submitted there in the form of an affidavit. He argues that because that procedure did not allow him a chance to cross-examine the affiant, it denied him his right to due process and should not now be relied upon. As support for this argument, plaintiff cites *Smith v. Department of Registration & Education* (1952), 412 Ill. 332, 106 N.E.2d 722.

■■ Plaintiff's reliance upon *Smith* is misplaced. Contrary to his assertion, that case did not hold that the inability to subject a witness or affiant to cross-examination is a denial of due process. The supreme court did rule in *Smith* that at a license revocation proceeding, due process required a definite charge, adequate notice, and a fair and impartial hearing. Our review of the record of the proceedings in Michigan reveals no basis to conclude that these were denied to plaintiff in this case. We specifically disagree with his suggestion that even though the *Smith* standards were met, due process was denied simply because the hearing panel in Michigan was composed differently than its counterpart in Illinois. Moreover, regarding the argument that a reversal is warranted here due to plaintiff's inability to cross-examine an affiant, we noted in *Lo Piccolo v. Department of Registration & Education* (1972), 5 Ill. App. 3d 1077, 1083, 284 N.E.2d 420, 424, that under the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 275(2)), "[f]ailure of an administrative agency to

observe technical rules of evidence is not ground for reversal, unless the failure 'materially affected the rights of any party and resulted in substantial injustice to him.' " The record of the proceedings in Michigan shows that plaintiff was clearly informed of the charge against him, was represented by counsel, and submitted evidence on his own behalf. The Illinois Medical Disciplinary Board reviewed the record in Michigan as well as documents, affidavits and testimony submitted by plaintiff on his behalf before recommending that his Illinois license be revoked. A substantial injustice does not appear to have resulted to plaintiff from the reliance on the Michigan revocation. The order affirming the revocation of his license in Illinois should therefore be affirmed.

Finally, defendants contend that the circuit court erred by improperly staying the revocation of plaintiff's license pending appeal. Section 12(1)(a) of the Administrative Review Act (Ill. Rev. Stat. 1975, ch. 110, par. 275(1)(a)) states that the circuit court shall have the power "* * * to stay the decision of the administrative agency in whole or in part pending the final disposition of the case." As defendants point out, however, section 17.08 of the Medical Practice Act, as amended (Ill. Rev. Stat. 1975, ch. 91, par. 16b.08, amended by Pub. Act. 79-1130, effective November 21, 1975), provides that "[d]uring the pendency and hearing of any and all judicial proceedings incident to such [Department] disciplinary action the sanctions imposed upon the accused by the Department shall remain in full force and effect." Defendants therefore argue that the revocation ordered by the Department through its director in this case should have remained in effect during the pendency of this appeal, and that the stay of revocation should be reversed.

○5 In light of the language quoted above, it is apparent that a statutory conflict must be resolved. On one hand, section 12(1)(a) of the Administrative Review Act contains a general grant of power to the circuit court to stay decisions appealed from in the regular course of administrative review. In contrast, section 17.08 of the Medical Practice Act deals specifically and exclusively with proceedings under the Medical Practice Act which result in the imposition of such sanctions as the revocation or suspension of a physician's license. Section 17.08 provides that after issuance, such sanctions should remain in effect during subsequent judicial proceedings. The rule for resolving such a conflict is that the terms of the more specific statute must prevail especially where, as here, that particular provision is the later in time of enactment. (*Bowes v. City of Chicago* (1954), 3 Ill. 2d 175, 120 N.E.2d 15, *cert. denied* (1954), 348 U.S. 857, 99 L. Ed. 675, 75 S. Ct. 81; *People v. Taylor* (1974), 18 Ill. App. 3d 480, 309 N.E.2d 595.) Plaintiff argues in his reply brief that section 17.08 of the Medical Practice Act should be interpreted to require the continued effectiveness of Department sanctions "*unless a stay is*

*granted."* (Emphasis in original.) We disagree. In light of the prior existence of section 12(1)(a) of the Administrative Review Act, acceptance of plaintiff's argument would render the subsequent enactment of section 17.08 of the Medical Practice Act a useless act, which the courts will not presume the legislature to have done. (*Pinkstaff v. Pennsylvania R.R. Co.* (1964), 31 Ill. 2d 518, 202 N.E.2d 512.) Courts will avoid a statutory construction which renders a provision meaningless or superfluous. (*Pliakos v. Illinois Liquor Control Com.* (1957), 11 Ill. 2d 456, 143 N.E.2d 47.) Accordingly, we conclude that section 17.08 of the Medical Practice Act prevails. The portion of the circuit court's order which stayed the revocation of plaintiff's license pending appeal is therefore erroneous and should be reversed.

Based on the foregoing, the judgment of the circuit court is affirmed in part, reversed in part, and remanded for proceedings not inconsistent with this opinion.

Affirmed in part; reversed in part; remanded with directions.

SULLIVAN, P. J., and MEJDA, J., concur.

## SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE LORENZ delivered the opinion of the court:
■■ Plaintiff has filed a petition for rehearing. He first contends that we erred in refusing to consider his argument that section 16(11) of the Medical Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 16a(11)) is unconstitutional. The cited statute authorized the Department of Registration and Education to revoke plaintiff's Illinois medical license on the basis of the revocation of his license in the sister State of Michigan. Plaintiff now argues, as he did for the first time in these proceedings in his reply brief, that the statute improperly allows the delegation of authority over Illinois licenses to other States, and denies equal protection of the laws by discriminating against Illinois doctors with out-of-State licenses. Contrary to plaintiff's implication, the record reveals that the former argument was only obliquely raised in the trial court, the latter was not raised at all, and neither was ruled upon. It is clear, of course, that "[w]here no constitutional question was presented to or passed upon by the trial court and the only question is the interpretation of a statute, a constitutional question is not present on appeal." (*Department of Public Works & Buildings v. Schon* (1969), 42 Ill. 2d 537, 538, 250 N.E.2d 135, 136.) Moreover, plaintiff does not contest the fact that, as we stated in our opinion, the arguments he attempts now to assert were not raised in his original appellate brief and therefore under Supreme Court Rule

341(e)(7) (Ill. Rev. Stat. 1975, ch. 110A, par. 341(e)(7)), they "are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." Plaintiff nevertheless does attempt to raise the arguments in his petition for rehearing, and points out that Supreme Court Rule 341(e)(7) is not a limitation on a reviewing court's jurisdiction. (*City of Wyoming v. Liquor Control Com.* (1977), 48 Ill. App. 3d 404, 362 N.E.2d 1080.) He argues that a reviewing court may, in the exercise of its responsibility for a just result, ignore a consideration of waiver and decide a case on grounds not properly raised (*Occidental Chemical Co. v. Agri Profit Systems, Inc.* (1975), 37 Ill. App. 3d 599, 346 N.E.2d 482) and that we should now grant a rehearing on his waived constitutional arguments.

■■ We reject this argument. The mere fact that attempted arguments raise constitutional questions does not prevent the otherwise proper application of the waiver rule. (See *Berk v. County of Will* (1966), 34 Ill. 2d 588, 218 N.E.2d 98; *Withers v. City of Granite City* (1961), 23 Ill. 2d 156, 177 N.E.2d 181.) Moreover, we disagree with plaintiff's suggestion that our responsibility to achieve a just result requires us to rule upon his waived arguments. Plaintiff argues that the challenged statute is unconstitutional because it is arbitrary and makes "an invidious discrimination * * * without rational justification." We cannot agree, however, that a statute establishing a revocation in a sister State as a possible ground for revocation in Illinois is, as the traditional equal protection standard requires, patently arbitrary with no rational relationship to any legitimate governmental interest. (See, *e.g.*, *Jefferson v. Hackney* (1972), 406 U.S. 535, 32 L. Ed. 2d 285, 92 S. Ct. 1724; *Richardson v. Belcher* (1971), 404 U.S. 78, 30 L. Ed. 2d 231, 92 S. Ct. 254.) Various interests, such as the general desire to hold physicians to the highest standards of competency and integrity or the prevention of "state-hopping" by physicians whose licenses have been revoked, suggest themselves as rational bases for the statute. The right and duty of the legislature to enact strict regulations concerning physicians has been well explained by this court as follows:

> "Society places itself in the hands of plaintiff's profession for protection of the life and health of the community. The practice of medicine, in addition to skill and knowledge, requires honesty and integrity of the highest degree. * * * The state under its police powers has the duty of protecting society from those of the profession who are not qualified to be the recipients of this trust. In this connection the state has the power to enact comprehensive, detailed and rigid regulations for the practice of medicine."

Accordingly, we conclude that plaintiff should not be granted a rehearing on his waived constitutional attacks on section 16(11) of the Medical

Practice Act. *Schyman v. Department of Registration & Education* (1956), 9 Ill. App. 2d 504, 522-23, 133 N.E.2d 551, 560, *cert. denied* (1957), 352 U. S. 1001, 1 L. Ed. 2d 545, 77 S. Ct. 557.

Plaintiff also contends that we erred when in response to the Department's emergency motion, we ordered that our mandate should issue to the trial court. The Department's motion cited our reversal of the portion of the trial court's order which stayed the revocation of plaintiff's license pending appeal. The Department noted, however, that it could not move the trial court to dissolve the stay because plaintiff had filed an affidavit of intent to petition the supreme court for leave to appeal, and under Supreme Court Rule 368(b) (Ill. Rev. Stat. 1975, ch. 110A, par. 368(b)), our mandate was thereby automatically stayed. The Department therefore requested that we dissolve the stay entered by the trial court. Following plaintiff's response to this motion, on November 17, 1978, we ordered that our mandate reversing the trial court's stay and remanding the cause should issue forthwith to the trial court. In his petition for rehearing, plaintiff concedes that we had the authority to enter this order under Rule 368(b), which provides for the automatic stay of our mandate as described but states that "[t]he Supreme Court, the Appellate Court, or a judge of either court may upon motion order otherwise * * * upon just terms." Plaintiff argues, however, that this standard for ordering otherwise was not met here, because the Department did not file its motion to dissolve the stay until after certain newspaper articles which it attached to its motion began to appear. Plaintiff further argues that the Department's motion and our subsequent order were only supported by those newspaper articles, which named him in "sensational and unsubstantial allegations." He therefore requests that our mandate be recalled, so that the trial court's stay may be reinstated.

■■■ We find that plaintiff's arguments are without merit. The propriety of a stay in these proceedings was, as plaintiff notes, a question of first impression, and, as we explained in our opinion, one which required the resolution of a statutory conflict. The Department properly raised the issue in its brief and argument on appeal. After we reversed the trial court and remanded the case, it only became necessary for the Department to file its motion when, as explained above, plaintiff's affidavit of intent to appeal caused our mandate to be automatically stayed. The Department filed its emergency motion five days after plaintiff filed his affidavit. We conclude that no challenge can be made to our order based on allegations of tardiness against the Department. Further, plaintiff argues under a misapprehension concerning the newspaper articles about which he complains. It is true that certain newspaper articles referring to plaintiff were attached and referred to in the Department's motion. We noted that fact when we stated in the

findings preliminary to our order that "the motion to dissolve the stay is not supported by affidavit or competent evidence of any kind but merely by newspaper clippings dated subsequent to the filing of our opinion concerning conduct of plaintiff-appellee [*sic*] not related to the charge involved in the instant case." Our order then concluded that the record herein sufficiently justified the issuance of our mandate. Plaintiff's suggestion that this order was based on newspaper clippings which we specifically indicated were not competent evidence is simply not tenable. As we decided in our opinion, the stay on the revocation of plaintiff's license is specifically forbidden by statute and was erroneously entered. This ruling has been and remains the basis for our reversal of the stay and order that the mandate issue. Plaintiff's request that our mandate be withdrawn is accordingly denied.

Based on the foregoing, the petition for rehearing and the request for a recall of our mandate are denied.

SULLIVAN, P. J., and MEJDA, J., concur.