THE PEOPLE *ex rel.* KENT BOSWORTH, County Treasurer, Plaintiff-Appellant, *v.* EARL LOWEN *et al.*, Defendant-Appellee—(Valley View Community Unit School District No. 365U, Intervening Appellant).
CITIZENS UTILITIES COMPANY OF ILLINOIS, Petitioner-Appellee, *v.* KENT BOSWORTH, County Treasurer, Respondent-Appellant—(Valley View Community Unit School District No. 365U, Intervenor-Appellant).

Third District Nos. 82—318 through 82—329, 82—240, 82—241, 82—248 through 82—256, 82-301 cons.

Opinion filed June 15, 1983.

Edward F. Petka, State's Attorney, of Joliet, and Moss & Bloomberg, of Bolingbrook, for appellants.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellees.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Kent Bosworth, county collector of Will County, and Valley View Community Unit School District appeal from summary judgment orders entered in property tax proceedings for the years 1975, 1976, 1977, 1978, and 1979. The judgments ordered personal property and real property tax refunds totaling $507,397 to Citizens Utilities Company.

Citizens Utilities Company is a public utility which owns and operates several sewage treatment plants in Du Page Township, Will County, Illinois, as a part of its business of providing sanitary sewer service to certain property in Will County. The Illinois Pollution Control Board certified that as of August 1, 1972, the sewage treatment plants and related personal property, such as pipes and lift stations, were pollution control facilities. As a consequence of that certification, the sewage treatment facilities were required to be assessed by the Department of Revenue pursuant to section 21a—3 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 502a—3). The Department originally assessed those facilities at 33⅓% of fair cash value. Citizens Utilities challenged those assessments as being excessive under section 21a—3 by pursuing its administrative remedies, and ultimately this court upheld Citizens Utilities' position and directed the Department of Revenue to reassess the facilities in question in accordance with the Illinois Supreme Court decision in *Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill. 2d 495, 426 N.E.2d 817. In the *Commonwealth Edison* case, the court held that pollution control facilities belonging to public utilities are to be taxed only to the extent such facilities produce a product sold to customers or to the extent that such facilities reduce the utility's cost of production of products or services sold by Citizens.

After the case was remanded to the Department of Revenue, revised assessments were computed on the basis of 1.5% of fair cash value equalized at 33⅓%, which was consistent with the assessment procedures of all nonutility companies, and the assessments as revised were recertified to the Will County assessment officials. In the meantime, Citizens Utilities had paid its personal and real property taxes under protest and had filed tax objections in the case of real property, and petitions for refund in the case of personal property, for the years 1975, 1976, 1977, and 1978, and tax objections for real property for the year 1979. Valley View School District was allowed to intervene in the tax proceedings. After the Department of Revenue recertified the assessments of Citizens' pollution control facilities, Citizens filed motions for summary judgment, each accompanied by an affidavit, in all the pending tax proceedings. The trial court found no genuine issue as to any material fact and granted the motions for summary judgment. The county collector and the intervening school district have appealed from those judgment orders.

■ The appellants contend that section 21a—3 of the Revenue Act of 1939, which deals with the assessment of pollution control fa-

cilities for purposes of property taxation, is unconstitutional in that it violates the uniformity provision and the classification limitation of article IX, section 4, of the Illinois Constitution of 1970, and that it creates an unconstitutional exemption from taxation. These same issues were considered in *People ex rel. Bosworth v. Lowen* (1983), 115 Ill. App. 3d 855, a companion case filed this same date, where we held that section 21a—3 is not constitutionally infirm. Our ruling there is controlling as to the constitutional issues raised here.

Appellants also argue that, even if the statute is constitutional, the facilities belonging to Citizens Utilities are fully taxable under the terms of the statute because, unlike other pollution control facilities, these sewage treatment plants actually produce services which are sold to Citizens' customers. The pleadings and affidavits filed by Citizens recite that it is "a public utility company engaged in part in the business of providing sanitary sewer service to certain residents of Du Page Township, Will County, Illinois ***." Appellants contend that Citizens' own pleadings are sufficient to establish that its facilities are economically productive within the meaning of section 21a—3.

■ Section 21a—3 as amended provides that pollution control facilities are to be assessed on the basis of their productive earning value to their owner and that earnings are attributable to a pollution control facility only to the extent that the operation of the facility "results in the production of a commercially saleable by-product or increases the production or reduces the production costs of the products or services otherwise sold by the owner of such facility." (Ill. Rev. Stat. 1981, ch. 120, par. 503a—3.) We note the statute does *not* state that a pollution control facility shall be taxed to the extent it produces a service sold to customers, but rather to the extent it increases the production of services otherwise sold.

We have examined the record in this case, and we find nothing to indicate that these sewage treatment plants produce a commercially saleable byproduct or that the plants increase the company's ability to provide sanitary sewer service or that the plants reduce the production costs of the sewer service.

Citizens is in the business of disposing of sanitary sewer waste. This service could be performed by merely pumping raw sewage into the nearest river, but environmental standards require that sewer waste be disposed of in a manner that does not pollute the atmosphere or waters of the State of Illinois. Therefore, the sewage treatment plants operated by Citizens do much more than merely dispose of sewer waste; these plants and equipment meet State standards so as to qualify as pollution control facilities. Following this analysis to

its logical conclusion, the pollution control facilities do not "increase the production or reduce the production costs" of the service of disposing of sewer waste. Rather the facilities greatly increase the cost of the disposal service otherwise sold by Citizens. For that reason, we conclude that the trial court did not err in approving the reduced assessments determined by the Department of Revenue.

■■ Appellants further contend that the land under the sewage treatment plant is not a pollution control device and therefore should be taxed at fair cash value. We note that the statute provides for a special method of valuing pollution control *facilities* for taxation purposes, not pollution control *devices*. We think that is a meaningful distinction. Land can properly be considered a part of the pollution control facility situated upon it.

Furthermore, section 21a—3 specifically provides that land underlying cooling ponds shall not be considered a part of a pollution control facility. By so providing, the General Assembly indicated an intent that the Department could certify other lands used as a part of the pollution control facility located thereon. There is nothing in the record of this case to indicate that the land included as a part of these pollution control facilities was not in fact an integral part of the sewage treatment plants. Since the appellants have the burden of establishing that the Department's assessments were erroneous, we find no basis for reversal.

For the reasons stated, we affirm the judgment orders entered in favor of Citizens Utilities Company.

Affirmed.

STOUDER and HEIPLE, JJ., concur.