VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT NO. 365U *et al.*, Plaintiffs-Appellants, *v.* THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellees—(Commonwealth Edison Company, Intervenor-Appellee).

Third District   Nos. 82—389, 82—357 cons.

Opinion filed June 16, 1983.

Edward Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for appellant Kent Bosworth.

Barry L. Moss, of Moss & Bloomberg, Ltd., of Bolingbrook, for appellant Valley View Community Unit School District No. 365U.

Tyrone C. Fahner, Attorney General, of Springfield (Leslie J. Rosen, Assistant Attorney General, of counsel), for appellee Department of Revenue.

Douglas F. Spesia, of Murphy, Timm, Spesia & Ayers, of Joliet, for appellee Commonwealth Edison Company.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Valley View and the Will County Collector, Kent Bosworth, appeal from the dismissal of their complaint for declaratory judgment brought against the Department of Revenue, challenging the constitutionality of section 21a—3 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 502a—3) as applied to the Citizens Utilities Company sewage treatment plant and to the Commonwealth Edison elec-

tricity generating station located in Will County and Valley View School District. Commonwealth Edison was allowed to intervene in the trial court and has joined the Department of Revenue as an appellee in this cause.

The appellants contend that section 21a—3 of the Revenue Act of 1939, which deals with the assessment of pollution control facilities for purposes of property taxation, is unconstitutional in that it violates the uniformity provision and the classification limitation of article IX, section 4, of the Illinois Constitution of 1970, and that it creates an unconstitutional exemption from taxation. These same questions were raised and decided in *People ex rel. Bosworth v. Lowen* (1983), 115 Ill. App. 3d 855, a companion case filed this same date, where we held that section 21a—3 is not constitutionally infirm. Our ruling there is controlling as to the constitutional questions raised here. In addition, we held that appellants must exhaust their administrative remedies before raising the question of the constitutionality of section 21a—3 as applied to public utilities. That ruling, too, applies to this appeal.

For the reasons stated, we affirm the dismissal order entered in the circuit court of Will County.

Affirmed.

STOUDER and HEIPLE, JJ., concur.