(Nos. 58718, 58719, 58725 cons.—

THE PEOPLE *ex rel.* KENT BOSWORTH, County Treasurer, *et al.,* Appellants, v. EARL LOWEN *et al.,* Appellees.—THE PEOPLE *ex rel.* KENT BOSWORTH, County Treasurer, *et al.,* Appellants, v. EARL LOWEN *et al.,* Appellees.—VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT NO. 365U *et al.,* Appellants, v. THE DEPARTMENT OF REVENUE *et al.,* Appellees.

*Opinion filed May 25, 1984.*

Barry L. Moss and George A. Marchetti, of Moss & Bloomberg, Ltd., of Bolingbrook, Edward M. Petka, State's Attorney, of Joliet, and John X. Breslin, of the State's Attorneys Appellate Service Commission, of Ottawa, for appellants.

Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet (John L. O'Brien and Wayne R. Johnson, of counsel), for appellee Citizens Utilities Company.

Kenneth E. Timm and Douglas F. Spesia, of Murphy, Timm, Lennon, Spesia & Ayers, of Joliet, for intervenor-

appellee Commonwealth Edison Company.

Neil F. Hartigan, Attorney General, of Springfield (Leslie J. Rosen, Assistant Attorney General, of Chicago, of counsel), for appellee the Department of Revenue *et al.*

Pfeifer & Kelty, P.C., of Springfield, for *amicus curiae* Illinois Municipal League.

JUSTICE GOLDENHERSH delivered the opinion of the court:

In these consolidated appeals plaintiff, Kent Bosworth, county treasurer and *ex officio* collector of Will County, and intervenor Valley View Community Unit School District No. 365U (hereafter plaintiffs), challenged the validity of section 21a—3 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 502a—3). In Docket No. 58718 the plaintiff collector made application in the circuit court of Will County for judgment against certain properties owned by Citizens Utilities Company of Illinois. The circuit court allowed Citizens' motion for summary judgment based on its tax objections and ordered refunds. Plaintiffs appealed and the appellate court affirmed. (115 Ill. App. 3d 867.) In Docket No. 58719 the plaintiff collector made application in the circuit court of Will County for judgment against certain properties owned by Commonwealth Edison Company. The circuit court allowed Commonwealth Edison's motion for summary judgment based on its tax objections and ordered refunds. Plaintiffs appealed and the appellate court affirmed. (115 Ill. App. 3d 855.) In Docket No. 58725 plaintiffs brought an action in the circuit court of Will County against the Department of Revenue of the State of Illinois and its Director, seeking a declaration that section 21a—3 was unconstitutional and an order enjoining defendants from "assessing utility pollution

control facilities in a manner contrary to the Illinois Constitution." The circuit court dismissed the complaint, plaintiffs appealed, and the appellate court affirmed. (115 Ill. App. 3d 865.) We allowed plaintiffs' petitions for leave to appeal and consolidated the causes for further proceedings.

In the cases in which the refunds were ordered paid (Docket Nos. 58718 and 58719), assessments of pollution-control facilities had been made by the Department of Revenue, and in each instance the taxpayer paid property taxes under protest and filed timely tax objections. Subsequent to the filing of our opinion in *Commonwealth Edison Co. v. Department of Local Government Affairs* (1981), 85 Ill. 2d 495, the Department issued new assessment figures for the years in question. The revised assessments were computed on the basis of 1.5% of the fair cash value of the pollution facilities equalized at 33⅓%.

Section 21a—3, as originally enacted, provided:

> "For the purpose of determining 33⅓% of the fair cash value of any certified pollution control facilities in assessing said facilities under the real and personal property tax laws of this State, the Department shall take into consideration the actual or probable net earnings attributable to the facilities in question, capitalized on the basis of their productive earning value to their owner; the probable net value which could be realized by their owner if the facilities were removed and sold at a fair, voluntary sale, giving due account to the expense of removal and condition of the particular facilities in question; and such other information as the Department may consider as bearing on 33⅓% of the fair cash value, to their owner, of the pollution control facilities in question, consistent with the principles set forth herein." Ill. Rev. Stat. 1977, ch. 120, par. 502a—3.

The 1979 amendment added the following language:

> "For the purposes of this Act, earnings shall be attrib-

uted to a pollution control facility only to the extent that the operation thereof results in the production of a commercially saleable by-product or increases the production or reduces the production costs of the products or services otherwise sold by the owner of such facility. For the purposes of this Section the land underlying a cooling pond shall not be considered a part of a pollution control facility.

This amendatory Act of 1979 is not intended to nor does it make any change in the meaning of any provision in this Section but is intended to remove possible ambiguities, thereby confirming the existing meaning of this Section in effect prior to the effective date of this amendatory Act of 1979." Ill. Rev. Stat. 1979, ch. 120, par. 502a—3.

Section 21a—1 provides:

"It is hereby declared to be the policy of the State of Illinois that pollution control facilities should be valued, for purposes of the real and personal property tax laws of this State, in relation to 33⅓% of the fair cash value of their economic productivity to their owners." Ill. Rev. Stat. 1981, ch. 120, par. 502a—1.

Plaintiffs contend that section 21a—3 is unconstitutional both on its face and as applied. Defendants contend that plaintiffs' challenge to its validity as applied is precluded by reason of their failure to exhaust their administrative remedies. Concerning their attack on the statute in its entirety appellants contend first that it creates an exemption from taxation violative of section 6 of article IX of the Illinois Constitution, which provides:

"The General Assembly by law may exempt from taxation only the property of the State, units of local government and school districts and property used exclusively for agricultural and horticultural societies, and for school, religious, cemetery and charitable purposes. The General Assembly by law may grant homestead exemptions or rent credits." (Ill. Const. 1970, art. IX, sec. 6.)

Appellants argue that the method of valuation provided in

section 21a—3 effectively proscribes the use of the "capitalization of income" method of valuing property because, if there are any "net earnings attributable to the facilities in question," section 21a—3 allows for a deduction equivalent to the expense of removing the facilities from the land. They argue, too, that the income which this property produces by virtue of its inclusion in the rate bases of the defendants, both public utilities, is improperly disregarded.

Citing *Hoffman v. Lehnhausen* (1971), 48 Ill. 2d 323, and *Elk Grove Engineering Co. v. Korzen* (1972), 55 Ill. 2d 393, plaintiffs contend that the statute provides for an impermissible reduction in valuation resulting in an invalid exemption. We disagree. We agree with the appellate court that the scheme here provided is a method of valuation and does not create an unlawful exemption. (115 Ill. App. 3d 855, 861.) In *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, a statute provided that farm improvements neither currently in use nor contributing towards the productivity of the farm were not to be included in the tax valuation of the farm. This provision was challenged as an unconstitutional exemption from taxation. The court, in rejecting this contention, held:

> "We do not agree that this provision constitutes an 'implied exemption of property from taxation.' It is, instead, a recognition by the legislature that certain structures located on a farm may have become obsolete by changes in farming methods or practices, and either have a greatly diminished value, or possibly no value at all in connection with the farming operation when considered as a part of the farm as a whole." (81 Ill. 2d 260, 267.)

Similarly, the provision in question here is not an exemption of property from taxation. It is rather a recognition by the General Assembly that pollution-control facilities are not necessarily economically productive and should be valued for tax-assessment purposes on the basis of their productive earning capacity. Such treatment reduces the tax

burden on those required to build such facilities and encourages their installation in other places. See *Commonwealth Edison Co. v. Department of Local Government Affairs* (1980), 86 Ill. App. 3d 768, 773, *aff'd* (1981), 85 Ill. 2d 495.

Appellants contend next that section 21a—3 violates article IX, section 4(b), of the Illinois Constitution, which provides:

> "(b) Subject to such limitations as the General Assembly may hereafter prescribe by law, counties with a population of more than 200,000 may classify or to continue to classify real property for purposes of taxation. Any such classification shall be reasonable and assessments shall be uniform within each class. The level of assessment or rate of tax of the highest class in a county shall not exceed two and one-half times the level of assessment or rate of tax of the lowest class in that county. Real property used in farming in a county shall not be assessed at a higher level of assessment than single family residential real property in that county." (Ill. Const. 1970, art. IX, sec. 4(b).)

It is clear, however, that this limitation is directed only at classifications by certain counties, and our opinion in *Hoffmann v. Clark* (1977), 69 Ill. 2d 402, leaves no question of the power of the General Assembly to classify property for tax purposes.

*Amicus curiae*, the Illinois Municipal League, contends that 21a—3 violates the principle of uniformity of taxation stated in article IX, section 4(a), of the Illinois Constitution:

> "(a) Except as otherwise provided in this Section, taxes upon real property shall be levied uniformly by valuation ascertained as the General Assembly shall provide by law." (Ill. Const. 1970, art. IX, sec. 4(a).)

This provision, however, does not expressly limit the power of the General Assembly to classify property. It requires only that taxation must be uniform as to the class upon which it operates. (*Hoffman v. Clark* (1977), 69 Ill. 2d 402,

423.) While appellants cite a number of cases from other courts interpreting the uniformity provisions of the Constitutions of other States, their decisions do not control the interpretation of our constitution.

Plaintiffs have attacked the validity of section 21a—3 on the grounds that Citizens' sewage-treatment facilities are incorrectly assessed because they provide a service that is sold to consumers, that the land upon which the sewage-treatment facilities are located was improperly reassessed as part of the pollution-control facilities, and that certain of Commonwealth Edison's pollution-control devices, namely electrostatic precipitators and dust-handling units, were improperly classified as personal property. Plaintiffs do not deny that these present the question of the validity of section 21a—3 as applied, but contend that irreparable harm would result if they were required to follow the administrative process to review these issues. Plaintiffs assert that, even if they were to prevail, they would first be required to make refunds of already collected taxes which might never be recovered if the Department's decision were reversed on review. We disagree. Any irreparable harm resulting from refunds which might not later be collected is based on conjecture that, if plaintiffs prevailed on review, funds may not be available from defendants to repay the taxing bodies. On this record, there is no support for such a conclusion.

Plaintiffs contend, too, that agency expertise cannot effectively address the issues of constitutional law and agency interpretation which are in issue here and that any pursuit of administrative remedies would be futile because the Department has already expressed its opinion of the proper assessments and has denied that administrative remedies are appropriate. These arguments, however, ignore the fact that judicial review of the Department's decision was available, and was not pursued. Ill. Rev. Stat. 1981, ch. 120, par. 619.

We conclude therefore that plaintiffs are precluded from pursuing review of any issue other than the unconstitutionality of the statute in its entirety. See also Jost, *Exhaustion of Administrative Remedies in Illinois: The State of the Law at the Close of An Active Decade*, 11 Loy. U. Chi. L.J. 1 (1979).

For the reasons stated, the judgments of the appellate court are affirmed.

*Judgments affirmed.*