*In re* APPLICATION OF THE COUNTY TREASURER AND *EX OFFICIO* COUNTY COLLECTOR OF COOK COUNTY (Cook County Collector, Applicant-Appellee; C & K Distributors, Inc., Objector-Appellant).

First District (5th Division)   No. 86—389

Opinion filed June 26, 1987.—Rehearing denied July 23, 1987.

David C. Dillon, of Dillon & Nash, Ltd., of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mark R. Davis, and Lawrence Brodsky, Assistant State's Attorneys, of counsel), for appellee.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by a Chicago taxpayer, C & K Distributors, Inc. (C & K), from an order entered by the trial court granting the Cook County collector's cross-motion for summary judgment in a real estate tax objection proceeding. C & K is the lessee of property (a one-story warehouse building) located at 555 North Tripp in Chicago. ·The property is owned by Northwestern Mutual Life Insurance Company (Northwestern). Northwestern had developed an industrial park where the property is located. The property consists of 187,530 square feet of floor area and is situated on a 519,000 square foot site.

In 1978, Northwestern leased the property to C & K. Under the terms of the lease, C & K was responsible for the real estate taxes assessed against the property. C & K expended $271,000 to convert the building on the property to a structure suitable for its purposes, including receiving, storing and distribution of beer and malt products, sales, general office activities and light repair of trucks. Thereafter, the property was assigned a Class 5 assessment (taxed at 40% of its market value) as industrial real property pursuant to the Cook. County Real Property Assessment Classification Ordinance (Ord. No. 80—0—14, approved March 3, 1980).

C & K subsequently applied to the Cook County assessor, Thomas Hynes (assessor), and the Cook County board of appeals for a reclassification of the *entire* property (both land and building) as Class 6 industrial real estate (taxed at 16% of its market value) for the 1980 and 1981 tax years. In order to receive Class 6 treatment, the real estate must be "used exclusively for industrial purposes located in an 'area in need of industrial development' upon which new construction has occurred or upon which substantial rehabilitation has added value to the real estate." Cook County Ord. 80—0—14, sec. 2.

The assessor, acting on C & K's complaint for the 1981 tax year, found that substantial rehabilitation of the property had added $600,000 to it in market value. As to that amount, the assessor applied a Class 6-16% assessment and applied a Class 5-40% tax assess-

ment to the remaining value of the real estate. Similar relief for the 1980 tax year was recommended by the assessor through the issuance of a certificate of error (1980, No. 3649) in accordance with the Illinois Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 604). The board of appeals concurred in the assessor's action and the circuit court of Cook County affirmed it in September 1984.

Thereafter, C & K filed specific tax objections for both 1980 and 1981 pursuant to the Illinois Revenue Act (Ill. Rev. Stat. 1981, ch. 120, pars. 675, 716). It then moved for summary judgment in the subsequent tax objection proceeding, requesting that its land, as well as the improvement to the building, be reclassified as Class 6 industrial real estate and taxed at 16% of the market value. The Cook County collector filed a cross-motion requesting the court to affirm the actions of the assessor and board of appeals. On January 17, 1986, the court denied C & K's motion and granted the county collector's cross-motion for summary judgment.

On appeal from the foregoing order, C & K first argues that the trial court erroneously affirmed a hybrid real estate classification illegally created by the assessor and the board of appeals through its affirmance (by assessing its real estate as part Class 5 and part Class 6) and, as a result, "only a percentage of the value of the substantially rehabilitated improvement and none of the land value was placed in the appropriate real estate classification [Class 6]." C & K contends that the *entire* real estate should be classified as Class 6 property and assessed a 16% tax. The county taxing officials argue that the assessment is proper and effectuates the county's classification ordinance approved March 3, 1980 (Cook County Ord. 80—0—14).

■■ ■ We first observe that taxation of property is a legislative rather than judicial function and a court's power to review an action of the legislature with respect to taxes is curtailed. (*La Salle National Bank v. Cook County* (1974), 57 Ill. 2d 318, 312 N.E.2d 252.) Where duly authorized officials have exercised honest judgment in valuing and assessing property for taxation, courts may not intervene or nullify that valuation absent a showing of illegal conduct or fraud. (*People ex rel. Paschen v. Morrison Hotel Corp.* (1956), 9 Ill. 2d 187, 137 N.E.2d 344.) The provisions of the Illinois Constitution relating to classification of real estate for taxation purposes require uniformity and equality (Ill. Const. 1970, art. IX, sec. 4(b)), but it is well settled that a legislative body's classification of property enjoys a presumption of validity. (*Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 372 N.E.2d 74.) Additionally, the reasons justifying a classification need not appear on the face of a statute, and the classification must be upheld if

any state of facts can be conceived which would sustain it; the question is whether there is a rational basis for the classification. (69 Ill. 2d 402, 372 N.E.2d 74.) Under the provisions of section 20a of the Illinois Revenue Act (Ill. Rev. Stat. 1981, ch. 120, par. 501a), classifications must be established by ordinance of the county board. If not so established, the classification is void.

The ordinance at issue here states, in pertinent part:

"Class 6: Real estate used exclusively for industrial purposes located in an 'area in need of industrial development' upon which new construction has occurred, *or upon which substantial rehabilitation has occurred to the extent such substantial rehabilitation has added value to the real estate.*" (Emphasis added.) Cook County Ord. 80—0—14.

C & K's contention that the assessor and the board of appeals have created an illegal hybrid real estate classification apparently stems from the assessor's interpretation of the Class 6 classification as evidenced by the dual assessment assigned to C & K's real estate (16% of the added market value of $600,000 and 40% of the remaining value). C & K further contends that the hybrid classification is void because the assessor created it, as a result of his construction of it, contrary to the Cook County board of commissioners' (the board's) intent as allegedly reflected in the board's debates to apply the 16% tax incentive to the entire real estate (buildings and land). The State counters that the board's debates indicate precisely the opposite, *i.e.*, that the intent of the board was to accord a Class 6 assessment at 16% to the entire real estate only to new construction and to limit that assessment to real estate upon which substantial rehabilitation has occurred *to the extent of the added value to the real estate.*

■■ ■ Legislative intent must be initially determined from the language found in a statute and, where its intent may be ascertained from the language, it should prevail without resort to other extrinsic aids. (*Berwyn Lumber Co. v. Korshak* (1966), 34 Ill. 2d 320, 215 N.E.2d 240.) Here, the language of the ordinance relating to a Class 6 real estate classification clearly includes two distinctive types of improvements upon property used exclusively for industrial purposes located in an area in need of industrial development—"new construction" and "substantial rehabilitation." We believe that it is equally clear, contrary to C & K's argument, that the language of the Class 6 classification reflects the intent of the county board to accord the 16% tax incentive to the *entire* real estate (buildings and land) where new construction has occurred, but to limit application of the same tax incentive where substantial rehabilitation has occurred to the extent of

only the added value to the real estate arising from that substantial rehabilitation. Specifically, the language states that Class 6 real estate is property "upon which new construction has occurred, *or* upon which substantial rehabilitation has occurred *to the extent such substantial rehabilitation has added value to the real estate.*" (Emphasis added.) The distinction between treatment of both types of improvements is evidenced by the disjunctive "or," and the limitation language of "to the extent such substantial rehabilitation has added value to the real estate," which immediately follows, specifically identifies the application of that language to "substantial rehabilitation"—not to "new construction."

We further observe that the intent of the board to apply different tax treatment to both types of improvements is buttressed by the language of section 5 of the ordinance, which states that "[w]here a single parcel of real estate is partially includable in two or more *** classes, each portion shall be assessed at the assessment level *** prescribed for that class." (Cook County Ord. 80—0—14, sec. 5.) Section 5 therefore clearly indicates that the board intended that one parcel of real estate may be assessed under a combination of classes.

Moreover, as mentioned above, although where the intent of a legislative body may be determined from the language of a statute and resort to extrinsic aids thus is unnecessary, we briefly note that in the instant matter there is no question that the board intended to apply the Class 6 tax incentive differently to new construction and substantial rehabilitation upon real estate. Specifically, during the debates of the Cook County board of commissioners on January 23, 1980, the assessor made the following proposal:

"Finally, I would like to suggest that the rehabilitation provisions be modified to make it clear that only the value added to the property would be given the [Class 6-16%] incentive, and that the property to the extent of its original value would be assessed at the existing level."

On February 19, 1980, Commissioner Martin Tuchow made the following statement in reference to the above:

"The new proposed ordinance had limited the benefits of the new classification both with respect to new construction and substantial rehabilitation 'to the extent that such new construction or substantial rehabilitation had added value to real estate.' This concept was particularly troublesome with respect to new construction since totally new buildings are involved and a partial reclassification is not appropriate. Accordingly, the idea of added value has been made to apply only to rehabilitation

programs.

> With regard to any attempt to develop only a portion of a single parcel of real estate and use this as a basis for claiming a new classification for the entire parcel, Section 5 of the ordinance permits the Assessor to apply the appropriate assessment rates to any such divided parcel."

We finally note that although the effect of the Class 6 classification creates a hybrid classification, as C & K correctly argues, a hybrid classification for taxation purposes is not prohibited by the law relating to taxation unless inhibited by some constitutional provision. (See *East Lake Fork Special Drainage District v. Village of Ivesdale* (1985), 137 Ill. App. 3d 473, 484 N.E.2d 507.) C & K argues that the effect of the Class 6 classification permitting a portion of its real estate to be assessed in one class (Class 6) and a portion in another class (Class 5) violates the uniformity requirement of article IX, section 4(b) of our constitution and, accordingly, violates due process and equal protection standards.

■ As stated by our supreme court in *People ex rel. Bosworth v. Lowen* (1984), 102 Ill. 2d 242, 464 N.E.2d 1053, the uniformity provision of article IX does not limit the power to classify; it merely requires that taxation must be uniform as to the class to which it operates. In *Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 372 N.E.2d 74, the court sustained the tax treatment of land used for farming different from the land not so used. In *O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 408 N.E.2d 204, the court sustained the difference in tax treatment for tax purposes of certain obsolete farm buildings from other buildings based not on their value but on their contribution to the farm operation.

■ A taxpayer objecting to a tax on the basis of lack of uniformity has the burden of proving the classification is arbitrary. (*Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 372 N.E.2d 74.) C & K appears to argue that the dissimilar treatment of substantially rehabilitated real estate and new construction on property lacks uniformity because substantial rehabilitation of real estate satisfies the same eligibility requirements and purposes entitling it to a Class 6 classification as does new construction. Specifically, C & K states that "the County Board was concerned with a lack of economic activity and unemployment in blighted or depressed areas" and that by its "re-occupancy of this property, economic activity took place and City of Chicago employment taxes, sales taxes, utility taxes, and other revenues resulted."

■ We first note that C & K's argument fails to completely ad-

dress whether there is a rational basis for the classification. (See *Hoffmann v. Clark* (1977), 69 Ill. 2d 402, 372 N.E.2d 74.) Here, the board's debates appear to indicate that the purpose of treating the two types of improvements contained in the Class 6 classification differently is to prevent the use of sham rehabilitation; to prevent "any attempt to develop only a portion of a single parcel of real estate and use this as a basis for claiming a new classification for the entire parcel." We do not find this an unjustified reason for the different tax treatment accorded new construction and substantial rehabilitation upon real estate. Secondly, we note that absent a showing by C & K that "newly constructed buildings" in high unemployment areas received a Class 6 tax break disproportionate to that received by itself based on its rehabilitated building, this court, pursuant to the presumption of validity of the classification, cannot conclude that the different tax treatment of new construction and substantial rehabilitation on real estate violates the uniformity requirement of article IX of our constitution.

In light of the above, we find that the assessor and the board of appeals did not create an illegal hybrid classification, nor did the trial court err in affirming the assessment assigned to C & K's real estate.

Finally, we believe that our disposition on the above issue also disposes of C & K's second argument on appeal that Ordinance 80—0—14 requires that Class 6 treatment be given to land as well as the improvements thereon. Specifically, as mentioned above, it was the intent of the Cook County board of commissioners that "only the value added to the property would be given the [Class 6-16%] incentive, and that the property to the extent of its original value would be assessed at the existing level."

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

SULLIVAN, P.J., and PINCHAM, J., concur.