**The LINCOLN NATIONAL LIFE INSURANCE COMPANY, an Indiana corporation, Plaintiff,**

v.

**Curtis B. JOHNSON and Deborah Johnson Enzweiler, Defendants.**

**No. 86 C 7754.**

United States District Court, N.D. Illinois, E.D.

Aug. 17, 1987.

J. Robert Geiman, Daina B. Van Dervort, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., for plaintiff.

Guy J. Bacci, Weinstein & Bacci, North Riverside, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

This case was commenced by a complaint filed in interpleader by the Lincoln National Life Insurance Company ("Lincoln"). At issue is the disposition of the remaining proceedings from two insurance policies on the life of Russell Johnson—one with a face value of $3,000, the other with a face value of $2,565. Under the terms of the policies, the proceeds were to be divided equally between the two surviving children of the insured—Curtis Johnson ("Kurt") and Deborah Johnson Enzweiler ("Deborah") on the death of the insured.

The insured died on November 30, 1982. Kurt was subsequently tried for his father's murder and was found not guilty by reason of insanity. Deborah was paid one half of the proceeds and interest on each of the policies. Kurt did not initially file any claim to the proceeds. After filing this action, Lincoln has deposited the remainder of the proceeds into a special account pending this court's determination of the respective rights of Kurt and Deborah. The court appointed a guardian *ad litem* for Kurt who is now confined in a state mental hospital. The guardian has filed a claim for the remaining proceeds, contending that Kurt is still entitled to his one-half share under the terms of the policies and that Deborah has already been paid her full share. Deborah has also filed a claim for the proceeds, insisting that Kurt is not entitled to any benefit under the policies under Illinois law because he killed and murdered the insured.

Neither claimant has specifically alleged in the pleadings what Kurt's mental condition was at the time he killed his father, or what effect his mental condition would have on his claim to the proceeds. Both claimants acknowledge, however, that the relatively small sum of money involved in this case (approximately $4,876.82, plus dividends and interest) would make impracticable a full trial on the issue of Kurt's mental condition. Thus, the claimants each contend, in effect, that the other has the burden of proof on this issue, and agree that judgment should be entered for the claimant held not to have the burden. Accordingly, both claimants have moved for judgment on the pleadings. For the reasons stated below, Kurt's motion is granted and Deborah's motion is denied.

Although Illinois now has a statute relating to the so-called "murderous insurance beneficiary," Ill.Rev.Stat. (1985), ch. 110½, ¶ 2–6, that statute, by its terms, applies only to deaths occurring on or after its effective date in 1983. Since the insured in this case died prior to the statute's effective date, in 1982, the disposition of the

proceeds here is governed by prior Illinois caselaw.[1]

In *State Farm Life Ins. Co. v. Smith*, 66 Ill.2d 591, 6 Ill.Dec. 838, 363 N.E.2d 785 (1977), the Illinois Supreme Court held that, in an interpleader action between insurance beneficiaries, the party seeking to preclude the other from recovery because he murdered the insured has the burden of proving that the killing was in fact intentional and unjustified. Although the precise issue in *Smith* was not whether the claimant was insane, but rather, whether the killing of the insured was in self-defense, under the previous Illinois appellate court decision in *Blair v. Travelers Ins. Co.*, 30 Ill. App.2d 191, 174 N.E.2d 209 (1st Dist.1961), it is clear that the murderous beneficiary rule also does not apply where the killer was insane at the time of the killing. *See also Holdom v. Ancient Order of United Workmen*, 159 Ill. 619, 43 N.E. 772 (1895).

Although *Blair* itself also contained some language suggesting that the burden of proof on the question of the killer's mental condition is on the killer or his representative, and that the opposing claimant is entitled to the benefit of a presumption of sanity, this aspect of *Blair* has implicitly been overruled by *Smith*. Moreover, the allocation of the burden of proof set out in *Blair* is inconsistent with other statements contained in *Blair* itself, as well as with the result in that case. The court in *Blair* stated that in an interpleader proceeding, "each claimant has the burden of establishing his own claim and neither claimant can recover on the weakness of the adverse claim." *Id.*, 174 N.E.2d at 209–10. The court also found that the insanity of the killer was, in fact, established by a preponderance of the evidence, and reversed the findings of the trial court on that issue.

 Thus, in this case, under *Smith* and *Blair*, the burden is on Deborah to

show that Kurt was not insane and that the murder was intentional and unjustified in order to preclude recovery by Kurt and establish her own entitlement to the remainder of the proceeds. What *Smith* called "the long-established policy that one may not profit by his intentionally committed wrongful act" has no application where the killer did not have felonious intent—as he could not if he were insane. *See also In Re Estate of Buehnemann*, 25 Ill.App.3d 1003, 324 N.E.2d 97 (1975). Here, since Kurt has already been acquitted of the murder by reason of insanity, and since Deborah has not offered any other evidence of his mental condition, Kurt is entitled to judgment on the pleadings in his favor.[2]

IT IS THEREFORE ORDERED that the motion of Curtis Johnson for judgment on the pleadings is granted and the motion of Deborah Johnson Enzweiler is denied. The guardian *ad litem* for Curtis Johnson shall prepare and submit to the court an appropriate form of judgment which shall also provide for the payment of his fees and any costs from the proceeds and which shall provide for an appropriate form of trust for administering the proceeds.

IT IS FURTHER ORDERED that this matter is set for a status hearing on September 9, 1987 at 9:15 a.m.

---

1. The present statute appears, in any event, not to have significantly altered the prior law on this subject.

2. This court need not actually decide whether the finding of insanity in the criminal prosecution operates to collaterally estop Deborah from contesting that fact in the present case, since Deborah has conceded that if she is found to

have the burden of proof on the issue of Kurt's mental condition, Kurt is entitled to the remainder of the proceeds. The issue does not appear to have previously arisen under Illinois law, since in *Blair* the killer committed suicide and in *Smith* no criminal prosecution ever took place.